UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Maryland Casualty Company,
	Plaintiff

	v.                                    Civil No. 08-cv-82-SM
                                           Opinion No. 2008 DNH 206
Georgia Flynn d/b/a
Circle of Learning Day Care; et al.,
	Defendants

**O R D E R**

Maryland Casualty Company brought this interpleader action for laudable reasons. It wrote two insurance policies for Georgia Flynn, doing business as Circle of Learning Day Care in Nashua, New Hampshire, which provided coverage for "abuse and molestation which first occurs during the policy period." "Abuse and molestation" did occur during the policy period. A number of children were victimized by an employee of Flynn's business and some have brought suit in state court. Other victims have not brought suit, and still other children who might have been victimized (but have not yet been identified) may or may not bring claims in the future.

Because the aggregate coverage limit of the policies is $600,000 (less costs of defense and other "claim expenses"), and because Maryland Casualty agrees that more than that amount will

be required to pay all legitimate abuse claims made against the policies, and because it wishes to maximize the amount available to compensate the victims (by minimizing defense costs) as well as insure fair and equitable distribution of the policy proceeds among all those who were victimized, it seeks to interplead the proceeds and have the court administer distribution among the multiple claimants to that fund.  Toward that end, Maryland Casualty filed this action, naming as defendants its insured and known claimants, as well as John and Jane Doe defendants, representing yet unidentified potential claimants.  The court allowed Maryland Casualty until January 2, 2009, to identify and serve the Doe Defendants.

   The company has now filed a motion seeking to add some one hundred and fifty or so named defendants, each of whom is a child who was enrolled at the day care center during the time the now-convicted abuser worked there.  Some of the originally named defendants object to the motion, on good grounds.  Primarily, they point out that Maryland Casualty does not assert that the named children were abused in any way, but merely that they happened to be enrolled at the day care during the time the abuser worked there.  Serving the parents of these children with the complaint in this case, without some reasonable basis to

think their child was victimized and that a claim on the fund might be made by them, would likely prove more than a little alarming, and perhaps unnecessarily so.  A better, more sensitive means of ascertaining whether children enrolled during the critical period have a potential claim can be readily imagined.

But, the motion raises a more fundamental issue related to this court's subject matter jurisdiction.  The complaint rests federal jurisdiction upon the provisions of 28 U.S.C. §§ 1335 (interpleader) and 1332 (diversity of citizenship).  Federal jurisdiction over an interpleader action is premised on diversity of citizenship, although complete diversity is not required.  State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530 (1967).  The existence of diversity in an interpleader action is determined without regard to the plaintiff-stakeholder's citizenship.  Rather, there is sufficient diversity to support federal jurisdiction if claims are adverse to the fund (here they are), and adverse to each other (here they are), and at least two of the claimants to the fund are citizens of different states (here that is not, or does not appear to be, the case).  Id.

The complaint, even considering the proposed addition of numerous defendant-claimants, suggests the absence of federal

interpleader jurisdiction.  All of the named claimants are said to be citizens of New Hampshire, or no citizenship is asserted.

### Conclusion

The motion to add and serve additional parties-defendant is denied, but without prejudice.  On or before January 2, 2009, the parties shall show cause why this complaint should not be dismissed for want of interpleader jurisdiction.  See generally, Star Ins. Co. v. Cedar Valley Express, LLC, 273 F. Supp. 2d 38 (D.D.C. 2002); American Family Mut. Ins. Co. v. Roche, 830 F. Supp. 1241 (E.D. Wis. 1993).  Metropolitan Property and Casualty Ins. Co. v. Shan Trac, Inc., 324 F.3d 20 (1st Cir. 2003).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 3, 2008

cc: Dennis C. Hogan, Esq.
Peter E. Hutchins, Esq.
Lee C. Nyquist, Esq.
Cyrus F. Rilee, III, Esq.
Mark M. Rufo, Esq.
Lawrence A. Vogelman, Esq.
Ralph R. Woodman, Jr., Esq.